### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. TAYLOR MILLS,<br>2. ALLEN O'HARA,<br>3. JOSEPH NEWMAN,<br>     Plaintiffs,<br>v.<br>1. ATLAS DRILLING LLC,<br>     Defendant. | Case No. CIV-17-809-F |

### COMPLAINT

**COME NOW THE PLAINTIFFS** and hereby pleads their claims as follows:

### PARTIES

1. The Plaintiffs are:

   A. Taylor Mills, an adult resident of Panola County, Texas;

   B. Allen O'Hara, an adult resident of Haskell County, Oklahoma; and

   C. Joseph Newman, an adult resident of Pittsburg County, Oklahoma.

2. The Defendant is the Atlas Drilling, LLC, a domestic limited liability company operating in Woodward County, Oklahoma.

### JURISDICTION AND VENUE

3. Plaintiff's claims are for discrimination on the basis of race and/or national origin, including termination, in violation of 42 U.S.C. § 1981, and a conspiracy and pattern of employing illegal aliens in violation of 18 U.S.C. § 1962, resulting in Plaintiffs' termination. Jurisdiction over the federal claims is vested in this Court under 28

U.S.C. § 1331.

4. Venue is provided by 28 U.S.C. § 1391(b)(1) under which jurisdiction is appropriate in any district in which a substantial part of the events or omissions giving rise to the claim occurred. Plaintiffs' claims arose from termination of their employment by Defendant while performing work in Custer County, Oklahoma. Custer County is located in the Western District of the United States District Court of Oklahoma. Wherefore, venue is proper in this court.

## STATEMENT OF FACTS

6. Plaintiff Taylor Mills, a Caucasian male, was employed by Defendant from around July 5, 2013 until his termination on or around July 28, 2013, as a roughneck/floor hand.

7. Plaintiff Mills was qualified for his job at all times during employment.

8. During his employment, Plaintiff Mills performed his job duties satisfactorily.

9. Plaintiff Allen O'Hara, a Caucasian male, was employed by Defendant from around July 13, 2013 until his termination on or around July 29, 2013, as a roughneck/floor hand.

10. Plaintiff O'Hara was qualified for his job at all times during employment.

11. During his employment, Plaintiff O'Hara performed his job duties satisfactorily.

12. Plaintiff Joseph Newman, a Caucasian male, was employed by Defendant from around July 12, 2013 until his termination on or around July 29, 2013, as a derrick.

13. Plaintiff Newman was qualified for his job at all times during employment.

14. During his employment, Plaintiff Newman performed his job duties satisfactorily.

15. At the time of Plaintiffs' termination, everyone on the crew was Caucasian, except for two Mexican employees.

16. Approximately one or two weeks prior to Plaintiffs' termination, A.J. Jacques, the owner's son, called everyone on the rig in for a meeting. During this meeting, the owner's son stated that if the crews did not start working faster and get everything done, then he would "fire every one of and [them] and get all Mexicans." He went on to state that he had a "bus full of Mexicans all ready to go."

17. Approximately July 28 or July 29, 2013, Plaintiffs were all terminated by Defendant.

18. Upon information and belief, all Caucasian workers on the crew were terminated and replaced with Latino workers.

19. Several, if not all, of the Latino workers who remained employed and/or were hired to replace Plaintiffs were undocumented, illegal aliens.

20. Plaintiffs' terminations were part of a scheme and/or pattern of practice by Defendant to hire, conceal, and shield illegal aliens, and deprived Plaintiffs of business (employment) relations unhampered by schemes prohibited by the RICO statutes.

21. Plaintiffs' termination was motivated, in whole or in part, by Plaintiffs' race, Caucasian, and/or Plaintiff's national origin.

22. As a direct result of Defendant's actions Plaintiffs have suffered lost wages

(including back, present and front pay along with the value of benefits associated with such wages), and dignitary harm/emotional distress type damages including but not limited to anxiety, stress, embarrassment, and sadness.

23. Discrimination based on race and/or national origin is prohibited by 42 U.S.C. § 1981.

24. Under § 1981 and RICO, Plaintiffs are entitled to compensation for all lost wages and benefits arising from the termination.

25. Under § 1981 and RICO, Plaintiffs are also entitled to recover damages for the dignitary harms suffered as a result of such termination.

26. Because the acts of Defendant were willful, malicious, or at the least in reckless disregard for Plaintiffs' rights, Plaintiffs are entitled to an award of punitive damages under § 1981 and RICO.

## **PRAYER**

Plaintiffs respectfully request this Court enter judgment in their favor and against the Defendant and grant all compensatory damages suffered together with liquidated damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 28th DAY OF JULY, 2017.**

        HAMMONS, GOWENS, HURST
        & ASSOCIATES

        s/ Leah M. Roper
        Mark E. Hammons, OBA #3784
        Amber L. Hurst, OBA # 21231
        Leah M. Roper OBA # 32107
        HAMMONS, GOWENS & ASSOCIATES
        325 Dean A. McGee Avenue
        Oklahoma City, Oklahoma 73102
        Telephone:  (405) 235-6100
        Facsimile:  (405) 235-6111
        Leah@hammonslaw.com

        And

        /s/ D. Mitchell Garrett
        Anthony L. Allen, OBA No. 19738
        D. Mitchell Garrett, Jr., OBA No. 20704
        Sloane Ryan Lile, OBA No. 21342
        ALLEN & GARRETT, ATTORNEYS
        427 S. Boston Ave., Suite 320
        Tulsa, Oklahoma 74103
        Phone: 844.255.0000
        Fax: 888-397-3643

        *Counsel for Plaintiffs*
        JURY TRIAL DEMANDED
        ATTORNEY'S LIEN CLAIMED